IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ZAYO GROUP LLC, )
    Plaintiff, )
  )
      v. )               Civil Action No. 3:21CV358 (RCY)
  )
NORFOLK SOUTHERN )
RAILWAY COMPANY, )
    Defendant. )
_____)

## MEMORANDUM OPINION

This matter is before the Court on Defendant's Motion to Transfer (ECF No. 4). The Motion has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the Court will grant in part and deny in part Defendant's Motion to Transfer.

## I. Background

Zayo Group LLC ("Zayo" or "Plaintiff") and Norfolk Southern Railway Company ("Norfolk Southern" or "Defendant") are parties to a 1999 Duct Lease. (Mem. Supp. Mot. Transfer, ECF No. 5 at 2.) The Duct Lease permits Zayo to store its fiber optic telecommunications equipment in a 24.7-mile stretch of Norfolk Southern's rail corridor that runs from Alexandria to Manassas. (*Id.*) The Duct Lease's initial 20-year term expired in 2019 which prompted Zayo to renew the Duct Lease for a 10-year term. (*Id.*) Zayo and Norfolk Southern each selected an appraiser to determine an adjusted rental price for the renewal term, however, the parties failed to reach an agreement. (*Id.*) As prescribed by the Duct Lease, the parties engaged a third appraiser and submitted the matter to the panel of three appraisers who determined the adjusted rental price.

1

(*Id.*)  Subsequently, Norfolk Southern issued invoices to Zayo for the outstanding back rent. (*Id.*)
Zayo objected to the adjusted rental amount and refused to pay, arguing that the panel's decision
was not unanimous. (*Id.*)

On May 26, 2021, Norfolk Southern filed a breach of contract suit against Zayo in the
Norfolk Division of the Eastern District of Virginia seeking to recover rental payments owed under
the Duct Lease ("the Norfolk Action")[1]. (*Id.* at 3.)   The Norfolk Action was assigned to the
undersigned. (*Id.*)  On May 27, 2021, Zayo petitioned the Virginia State Corporation Commission
seeking to exercise condemnation power over the Norfolk Southern property that is the subject of
the Duct Lease. (*Id.*)  On June 4, 2021, Norfolk Southern filed a Notice of Removal (ECF No. 1)
pursuant to 28 U.S.C. §§ 1331, 1337, 1441, and 1446, removing this matter to the Richmond
Division of the Eastern District of Virginia. On June 22, 2021, Norfolk Southern filed a Motion to
Transfer Case *to Norfolk Division* (ECF No. 4) and a Memorandum in Support (ECF No. 5).  On
July 6, 2021, Zayo filed an Opposition to Norfolk Southern's Motion to Transfer Case *to Norfolk
Division* (ECF No. 9).  On July 12, 2021, Norfolk Southern filed a Reply to Zayo's Opposition to
Norfolk Southern's Motion to Transfer Case *to Norfolk Division* (ECF No. 12).  On October 13,
2021, this action was reassigned to the undersigned after a finding by the Honorable Robert E.
Payne that this action and the Norfolk Action are closely related and arise out of essentially the
same facts and circumstances. (*See*  ECF No. 18.)

## II. Analysis

"It is a long-standing rule of federal civil procedure that when a case is removed to federal
court, the general removal statute governs venue." *Smith v. JP Morgan Chase Bank, N.A.*, 727 F.

---

[1] Norfolk Southern Railway Company v. Zayo Group LLC, Civil Action No. 2:21-cv-298.

2

Supp. 2d 476, 479 (S.D. W. Va. 2010) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953)).  Under the general removal statute:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). As such, 28 U.S.C. §1391, which governs venue generally, does not apply here. *Polizzi*, 345 U.S at 665 ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)," and § 1391 "has no application to . . . a removed action.").  Thus, "the district and division embracing the place where such action is pending"—in this case, the Richmond Division of the Eastern District of Virginia—is a proper venue based on § 1441(a).  But the removing party may still move under 18 U.S.C. § 1404(a) for a transfer to a different forum. *Versus Evil LLC v. PNC Bank, NA*, No. 20-0001, 2020 WL 2112155, at *2 (D. Md. May 4, 2020) (citing *Am. Ins. Marketing Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 613 & n.5 (D. Md. 2013)).

Furthermore, under 28 U.S.C. § 1404(a), "[f]or convenience of the parties and witnesses" a court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The Court has "discretion to decide motions to transfer according to an 'individualized case-by-case consideration of convenience and fairness.'" *Fitzgibbon v. Radack*, 597 B.R. 836, 841 (E.D. Va. 2019) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29(1988)).

Here, Defendant requests that the Court transfer this action to the Norfolk Division of this District because of the closely related Norfolk Action pending in the Norfolk Division. Defendant reasons that "the convenience factors surely favor litigating these closely related matters in one place" and that the "interest of justice favors transfer so both cases can be heard by the same Judge." (Mem. Supp. Mot. Trans. at 5-6.)  The Court agrees with Defendant's reasoning for

3

transfer but not the proffered transferee location, as the Norfolk Action has since been transferred to the Alexandria Division of the Eastern District of Virginia.

At issue in both the instant action and the Norfolk Action is Zayo's occupation of Defendant's 24.7-mile fiber optic duct that extends from Alexandria to Manassas. While not identical, the cases are closely related. In such circumstances, "the more important consideration is judicial economy in having the same judge consider the same underlying facts and issues only once and thereby guarding against inconsistent results." *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 939 (E.D. Va. 2005); *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992) ("It hardly husbands scarce judicial resources to allow separate suits stemming from the same overall controversy and involving overlapping issues to proceed simultaneously on parallel tracks."); *Jacobs Trading, LLC v. Am. Eagle Trading Grp., LLC*, No. 16CV00406, 2016 WL 5508805, at *8 (D. Minn. Sept. 28, 2016) ("considerations of judicial economy counsel that two courts should not simultaneously hear two cases tied to the same general facts."). As such, in the interest of judicial economy and for the convenience of the parties and the witnesses, the Court shall transfer this civil action to the Alexandria Division of the Eastern District of Virginia and shall recommend that the same judge be assigned both this action[2] and the Norfolk Action.

### III. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part the Defendant's Motion to Transfer (ECF No. 4). The Court will grant the Motion to Transfer but will deny it as to the proffered transferee location. The Court will direct the Clerk to transfer this civil action to

---

[2] In this action, Zayo filed a Motion to Remand to Virginia State Corporation Commission (ECF No. 7). The undersigned takes no position on the Motion to Remand.

the Alexandria Division of the Eastern District of Virginia and recommend that the same judge be assigned this civil action and the Norfolk Action.

An appropriate Order shall issue.

/s/

_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: <u>November 23, 2021</u>